to be, that where there is any conflict whatever in the evidence a verdict cannot properly be directed,—the reason for this rule being that the direction of a verdict determines substantive and existing rights, while the granting of a new trial involves merely a matter of remedy or procedure, which rests very largely in the discretion of the court. McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282. In view of the decision last referred to, which has been rendered since the trial of this action, we feel constrained to reverse the judgment and order appealed from; but inasmuch as we are by no means satisfied with the verdict of the jury, we do not deem it proper to reinstate the same, preferring rather to avail ourselves of the power which resides in this court to direct a new trial. Code Civ. Proc. § 1317.

Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the event. All concur, except WILLIAMS, J., who dissents.

(36 Misc. Rep. 551.)

### HALL v. LOUIS WEBER BLDG. CO.

(Supreme Court, Appellate Term. December, 1901.)

1. JOINDER OF CAUSES.

Laws 1855, c. 6, provides that, where a builder contemplates an excavation of more than 10 feet below the curb, he shall, if afforded the necessary license to enter on the adjoining land, protect and preserve the wall of any adjoining building. *Held*, that where a builder arbitrarily broke through a wall without complying with the provisions of the statute, and damaged the personal property of the tenant, an action by the tenant for damages to personal property and damages caused by trespass will not lie because of misjoinder of causes of action.

2. ADJOINING BUILDING—INJURIES BY EXCAVATION—CONDITIONAL LICENSE.

Where a tenant of a building notified the contractor excavating on an adjoining lot that he could enter on the premises for the purpose of protecting the building on certain conditions, and he enters without performing the conditions, he is liable to the tenant for damages to his property, but not for trespass.

Appeal from municipal court, borough of Manhattan, First district.

Action by Gardner Hall, Jr., against the Louis Weber Building Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before McADAM, P. J., and SCOTT and MacLEAN, JJ.

Patrick J. O'Beirne, for appellant.

Ashbel P. Fitch (Grant C. Fox, of counsel), for respondent.

SCOTT, J. The defendant was engaged as contractor in excavating a lot adjoining a building of the basement of which the plaintiff held a lease, and which he occupied as a dealer in spool cotton. It was found in the progress of the work that it was necessary to shore up the building. Defendant notified plaintiff that they were excavating the vacant lot, and notified him to protect his property. Plaintiff, a few days later, addressed defendant as follows:

"Under advice of counsel we beg to advise you that for the purpose of properly safeguarding this building we shall offer no hindrance to your entrance to the premises occupied by ourselves. We also beg to inform you we will hold you responsible for all expenses incurred and damage sustained by reason of your entrance of our premises. In connection with above we desire to say that, in order to properly protect our stock, no opening should be made through the walls of this building until we can take measures to permit of its being done safely. We are prepared to place our stock in safety with the utmost dispatch. To do this we believe thirty-six hours will be required, and we therefore ask you not to make any opening in walls under that time unless we consent."

The defendant thereupon proceeded to break holes in the wall of the basement where plaintiff kept his stock of goods, and to insert what are known as "needles." It consequently became necessary for plaintiff to move a part of his stock away from the wall, and to build a temporary partition, and incur other expenses. About the time the breaking in began, defendant caused a letter to be delivered to plaintiff, stating that it would pay certain expenses connected with the operation, but declining to be held responsible for the expense of removing goods, or for any damage to goods. The duty of a person excavating upon a lot in the city of New York is regulated by statute (Laws 1855, c. 6), which provides, in effect, that whenever a builder contemplates an excavation to a depth of more than 10 feet below the curb he shall, "if afforded the necessary license to enter upon the adjoining land, and not otherwise," at his own expense, protect and preserve the wall of any adjoining building. If the consent to enter upon the building is refused, then the duty of making the walls safe rests with the adjoining owner, and the builder is absolved from liability. At common law a man might excavate as he liked upon his own property without subjecting himself to liability for the consequences to his neighbor's land or building. The statute above cited imposed a new obligation upon a person proposing to excavate to a depth greater than 10 feet. That obligation was that, if afforded the necessary license to enter upon the adjoining land, he was bound at his own expense to preserve any adjoining or contiguous wall or walls, structure or structures, from injury, and support the same by proper foundations, so that the said wall or walls, structure or structures, shall be and remain practically as safe as before said excavation was commenced. This is the sum and extent of the excavator's liability under the statute. He is entitled to receive an unequivocal license to enter upon the adjoining premises, or none at all. If he receives no license, or if the license is coupled with conditions beyond those specified in the statute, he is at liberty to go on and make his excavation, leaving the adjoining owner to protect himself as best he may. If, however, the license is coupled with such conditions, and the excavator accepts the license, and proceeds under it, he should be held also to have accepted the conditions, and he cannot exonerate himself from this liability by declaring coincidentally with his action upon the license that he will fulfill only a part of the conditions upon which it was granted. This was the precise situation disclosed by the evidence in the present case. It is now well settled that when a landlord has let his building, and the shoring up of the walls of that

building rendered necessary by adjoining excavations will interfere with that portion of the building occupied by a tenant, the excavator, to comply with the statute, must obtain permission from the tenant as well as from the landlord. Johnson v. Oppenheim, 55 N. Y. 280; McKenzie v. Hatton, 141 N. Y. 6, 35 N. E. 929; Ketcham v. Cohn, 2 Misc. Rep. 427, 22 N. Y. Supp. 181. The plaintiff's license was therefore necessary to a lawful entry upon his premises. He gave permission conditionally. The defendant was not bound to accept this conditional license. He did, however, accept it, and in so doing bound himself to comply with the conditions. The defendant did not commit a trespass because it had a license from plaintiff, and, if the action were only for damages for trespass, it would not lie. The pleadings are oral, and we must accept the statement of the cause of action as returned by the justice. He states the complaint to have been for "damages to personal property and damages caused by trespass." This seems to indicate the joinder of two causes of action. So far as it is an action for damages to personal property, it will lie under the evidence. The evidence introduced to show that the landlord had given consent was immaterial, as his consent could not affect the tenant's rights. So, also, was the evidence as to action by the department of buildings. The judgment must be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.